39 C.C.P.A. (Patents)
**Application of GOODALL-SANFORD, Inc.**

No. 5861.

United States Court of Customs and Patent Appeals.

March 27, 1952.

Benjamin Burrows, New York City, for appellant.

E. L. Reynolds, Washington, D. C. (Clarence W. Moore, Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, C. J., and JACKSON, O'CONNELL, JOHNSON and WORLEY, JJ.

GARRETT, Chief Judge.

This is an appeal from the decision of an Examiner-in-Chief of the United States Patent Office acting for the Commissioner of Patents on order of the Secretary of Commerce, 15 Federal Register 6554, 639 O.G. 643, issued under the provisions of Reorganization Plan No. 5 of 1950, 15 Federal Register 3174.

The question involved is that of the right of appellant to have registered, under the Trade-Mark Registration Act of July 5, 1946, often referred to as the Lanham Act, 15 U.S.C.A. § 1051 et seq., a composite mark consisting of the words "Palm Wave" arranged above a pictorial design represent-ing ocean waves, for use on "piece goods entirely of cotton, mohair, wool and synthetic fibres combined in one fabric or combinations of any of such component parts, made in one fabric."

Appellant's application, serial No. 574,-428, was filed February 24, 1949.

In the application, use of the mark in interstate commerce was alleged to have begun on October 7, 1948.

The Examiner of Trade-Marks, whose decision the Examiner-in-Chief affirmed, refused the application in view of a registration, No. 385,680, of the words "Ocean Wave" issued March 11, 1941, to Cohn-Hall-Marx Co., upon an application filed October 29, 1940, under the Trade-Mark Registration Act of February 20, 1905, for use on "Cotton, Rayon, Acetate and/or Silk Piece Goods."

The Examiner-in-Chief stated the issue as follows: "The goods to which the respective marks are applied are in part identical and otherwise closely related and the only question is whether concurrent use of the two marks on the respective goods would be likely to cause confusion or mistake or deceive purchasers."

He further said:

"* * * The word 'Wave' is common to and the dominant part of both marks; its significance as the dominant part of applicant's mark is enhanced by the illustration of the ocean waves appearing therebelow. I am inclined to agree with the examiner that the single descriptive word 'Palm' is not of sufficient significance to distinguish applicant's mark from the prior registration when applied to the same type of goods.

"It appears clear that applicant's mark, taken in its entirety, when used on its goods would be likely to cause confusion or mistake or to deceive purchasers when used concurrently with the prior registration 'Ocean Wave.'"

The decision of the examiner of trade-marks is affirmed.

In the brief on behalf of appellant before us it is argued that the word "Palm" is the dominant part of its mark. If it was so

regarded and intended at the time the appellant's application was filed, it is difficult to understand why it should put the ocean wave drawing in the application instead of a drawing which would represent the waving of a palm tree.

The decision of the Examiner-in-Chief speaking for the Commissioner of Patents is affirmed.

Affirmed.

WORLEY, J., dissents.